# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TERRACE MORTGAGE COMPANY, | : :|
| Appellant, | : : |
| v. | : CIVIL ACTION NO. <br> : 1:08-CV-0079-RWS |
| NEIL C. GORDON, <br> Chapter 7 Trustee for the estate of <br> Hung Ju Kim, | : <br> : <br> : <br> : |
| Appellee. | : |

## ORDER

This case is before the Court on appeal from a decision of the Bankruptcy Court. After reviewing the record on appeal and the submissions of the parties, the Court enters the following Order.

As an initial matter, the Court finds that the parties have adequately briefed the issues and oral argument is not required. Therefore, Appellant's Request for Oral Argument [4] is **DENIED**.

## Statement of the Case

Hung Ju Kim (the "Debtor") is the debtor in a Chapter 7 bankruptcy. The Appellant, Neil C. Gordon (the "Trustee") is the Chapter 7 Trustee. More than

a year before she filed for bankruptcy, the Debtor took out a loan with Terrace Mortgage Company ("Terrace") and gave Terrace a security deed (the "Security Deed") on her condominium to secure the loan. The Security Deed was recorded with the DeKalb County Clerk of Court on May 10, 2005. The Debtor filed for bankruptcy on May 30, 2006.

The Trustee filed an adversary proceeding in the Bankruptcy Court seeking to void the Security Deed. The Trustee contended that the Security Deed was patently defective because it lacked an official witness and, therefore, did not provide constructive notice to subsequent *bona fide* purchasers. Terrace moved for summary judgment, and the Trustee filed a cross-motion for summary judgment. The Bankruptcy Court granted the Trustee's Motion for Summary Judgment and denied Terrace's Motion for Summary Judgment. Terrace appeals that decision.

## **Discussion**

The standard of review applied by a district court on an appeal from an order of the bankruptcy court is a *de novo* review of legal conclusions and a clearly erroneous review of findings of fact. In re Winn-Dixie Stores, Inc., 377 B.R. 322, 328 (M.D. Fla. 2007). This appeal presents a question of law. Specifically, the question for the Court is whether a security deed that lacks the

2

notary seal but is recorded and indexed by the Clerk constitutes constructive notice. The Bankruptcy Court found that it does not, and this Court agrees.

The thorough and well-reasoned Order of the Bankruptcy Court addresses each of the arguments raised by Appellant. Having reviewed the arguments, this Court concurs in the analysis and conclusions of the Bankruptcy Court and adopts the same.

Therefore, the Orders and Judgment of the Bankruptcy Court denying summary judgment to Terrace Mortgage Company and granting summary judgment to the Trustee are hereby **AFFIRMED**.

**SO ORDERED**, this  25th  day of September, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)